IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | |
|---|---|
| IN RE ) | |
| ) | |
| JOSEPH SAMUEL GOETZ, ) | CASE NO. 03-39850-H3-11 |
| ) | |
| Debtor, ) | |
| ) | |
| ) | |
| LYNN RAE LEVIT GOETZ, ) | ADVERSARY NO. 05-3028 |
| ) | |
| Plaintiff ) | |
| ) | |
| VERSUS ) | |
| ) | |
| JOSEPH SAMUEL GOETZ, ) | |
| ) | |
| Defendant ) | |

## MEMORANDUM OPINION

The court has heard the Motion To Dismiss Under Fed. R. Civ.P.12(b)(6) or Alternatively, To Abstain (Docket No. 7) filed by Joseph Samuel Goetz, Defendant, and after considering the response, pleadings, and argument of counsel, the court makes the following findings of fact and conclusions of law granting the motion and dismissing the above captioned adversary proceeding. To the extent any findings of fact are construed to be conclusions of law, they are adopted as such. To the extent any conclusions of law are construed to be findings of fact, they are adopted as such.

Joseph Samuel Goetz ("Debtor") and Lynn Rae Levit Goetz ("Claimant") are former spouses and were divorced in September 2002. The divorce action was litigated for approximately four

years with the 257th Family Court of Harris County, Case No. 1999-53560 ("state court"), awarding a $470,000 judgment in favor of Debtor and against Claimant. Claimant appealed and deposited $568,700 in state court in lieu of a supersedeas bond to stay execution on the judgment awarded to Debtor. In conjunction with the divorce, in a Mediated Settlement Agreement, each spouse agreed to give any non-disclosed community property to the other spouse, regardless of when any such non-disclosed property was discovered.

On July 9, 2003, Debtor filed a voluntary Chapter 11 bankruptcy proceeding. On November 5, 2003, Claimant filed an unliquidated claim and asserted a security interest in the monies on deposit with the state court. The unliquidated claim was for

> [s]upport, indemnity and/or failure to disclose property and any omitted property pursuant to the divorce decree, including any other rights, claims or interest of Claimant in Cause No. 1999-53560 in the 257th Judicial District Court of Harris County, Texas.

Proof of Claim No. 19, Main Case No. 03-39850-H3-11.

Debtor's Second Amended Plan of Reorganization was confirmed on June 23, 2004. Claimant did not file an Objection to the Disclosure Statement or the Chapter 11 plan. Claimant also did not appeal the confirmation order. On September 10, 2004, the Texas Supreme Court declined to review Claimant's appeal of Debtor's state court judgment. On December 15, 2004, Debtor was authorized by the state court to execute on the judgment. Debtor collected over $570,000 and pursuant to his plan, paid secured and

administrative claims. The remaining monies are for payment of allowed unsecured claims under the plan. Main Case No. 03-39850-H3-11, Docket No. 71.

The day after Debtor collected on the judgment, December 16, 2004, Claimant amended her proof of claim to reflect an unsecured claim in the amount of $1,113,275 which figure was "subject to increase." The claim is based upon compensation owed to Claimant to the extent that certain specified assets

> (i) constitute community property not properly disclosed by Debtor pursuant to the inventory submitted at the time of trial (March 2002) in Cause No. 1999-53560 in the 257th Judicial District Court of Harris County, Texas (the "Divorce Decree"), and (ii) are no longer in the Debtor's possession.

Proof of Claim No. 24, Main Case No. 03-39850-H3-11.

On December 17, 2004, Claimant filed a Motion To Revoke Confirmation Order in Debtor's main case Chapter 11 bankruptcy proceeding based upon Debtor's failure to disclose income and assets. Bankruptcy Rule 7001(5) designates a proceeding to revoke an order of confirmation of a chapter 11 plan as an adversary proceeding and Bankruptcy Rule 7003 requires that the action be commenced by filing a complaint. The court denied the motion without prejudice to filing an adversary proceeding. Docket Nos. 128 and 132, Main Case No. 03-39850-H3-11.

On January 11, 2005 Claimant refiled a copy of the same motion with the court but as a separate adversary proceeding. That filing is the instant adversary proceeding. Debtor filed his

3

Motion to Dismiss alleging that the Claimant failed to state a claim upon which relief may be granted pursuant to Bankruptcy Rule 7012(b)(6). The court notes that Claimant has filed a motion in the main case to reconsider the court's denial of her motion to revoke confirmation and to treat the initial motion as a timely filed adversary proceeding. Docket No. 137, Main Case No. 03-39850-H3-11.

In order for a court to revoke an order of confirmation, the court must specifically find that the order confirming the plan was procured by fraud. It is not sufficient for the court to find that some fraud was committed in connection with the case. 8 *Collier on Bankruptcy* ¶¶ 1144.01 - 1144.04 (Alan N. Resnick & Henry J. Sommer eds., 15th ed. rev. 2005).

The issues raised in this adversary proceeding arise out a state court divorce case. This is essentially a two party dispute which appears to be exceedingly contentious and has been ongoing since 1999. The basis of the claim revolves around the provision in the divorce decree that awards undisclosed assets under the control of one spouse to the other spouse upon discovery of the asset. In essence, Claimant alleges that Debtor fraudulently failed to disclose income or assets to which she is entitled pursuant to the divorce decree.

Claimant's allegations are based "on information and belief, and subject to further discovery," that "Debtor failed to

4

disclose "possible income" received from various sources and "material assets." Motion to Revoke, Docket No. 1. The Claimant alleges that these actions constitute fraud. The court may revoke a confirmation "order if and only if such order was procured by fraud." 11 U.S.C. § 1144. As noted above, it is not sufficient for the court to find that some fraud was committed in connection with the case. The court finds that the allegations contained in Claimant's refiled motion, taken in the light most favorable to the Claimant, do not state a claim for revocation of the confirmation order. Although Claimant makes general allegations of fraud, there is no representation that fraud was committed in the procurement of the order of confirmation.

In addition to the failure of the motion to state a claim, the cause of action is also time barred. 11 U.S.C. § 1144 requires that a complaint to revoke an order confirming a plan be filed within 180 days of the date on which the plan was confirmed. December 20, 2004 was the deadline for filing a complaint to revoke the confirmation order in this case. This adversary proceeding was filed January 11, 2005, after the deadline.

Bankruptcy Rule 9024 provides that an action to revoke an order of confirmation may be brought only within the time specified by section 1144. Bankruptcy Rule 9006(b) prohibits the court from enlarging the time for taking action under Bankruptcy Rule 9024. The 180 day deadline for seeking revocation of an order of

confirmation is absolute and may not be extended by the court. Actions initiated after the 180-day period must be dismissed as untimely. The 180 day deadline applies even if the fraud is not discovered until after expiration of the 180 day period. *See 680 Fifth Ave. Assocs. v. EGI Co. Servs., Inc.*, 209 B.R. 314 (Bankr. S.D.N.Y. 1997); *Clarke v. Mission Heights Investors, Inc.*, 202 B.R. 131 (Bankr. D. Ariz. 1996). There is a strong bankruptcy policy in favor of the finality of a confirmation order. An order confirming a plan is *res judicata* with regard to all matters dealt with by the plan. 11 U.S.C. § 1141(a). This cut off date is necessitated by the need for finality for both debtor and other parties. *See 8 Collier on Bankruptcy* ¶ 1144.04 (Alan N. Resnick & Henry J. Sommer eds., 15th ed. rev. 2005) and cases cited therein.

Thus, the request for dismissal of this adversary contained in the Motion To Dismiss Under Fed. R. Civ.P.12(b)(6) or Alternatively, To Abstain (Docket No. 7) filed by Joseph Samuel Goetz, is granted.

Signed at Houston, Texas on this 19th day of September, 2005.

_____
LETITIA Z. CLARK
UNITED STATES BANKRUPTCY JUDGE